08-6165-cv
Jenkins v. Murphy

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of December, two thousand nine.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
>  *Circuit Judge*s,
> J. GARVAN MURTHA,[1]
>  *District Judge*.

---

Sylvia Jenkins,

 *Plaintiff-Appellant,*

 v.              08-6165-cv

Michael Murphy,[2]

 *Defendant-Appellee.*

---

[1] J. Garvan Murtha, Senior District Judge of the United States District Court for the District of Vermont, sitting by designation.

[2] The Defendant-Appellee did not file a notice of appearance before either the district court or this Court.

FOR APPELLANT:    Sylvia Jenkins, *pro se*, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McCurn, *J.*; Lowe, *M.J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **DISMISSED** for lack of jurisdiction.

Appellant Sylvia Jenkins, *pro se*, appeals the district court's *sua sponte* dismissal of her 42 U.S.C. § 1983 complaint for failure to state a claim.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We dismiss Jenkins's appeal for want of subject-matter jurisdiction.  " 'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).  Jenkins's complaint suggests no basis for federal question jurisdiction, as the defendant is a private party and there is no allegation that he was acting under the color of state law.  *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is . . . required to show state action."); *Carlos v. Santos*, 123 F.3d 61, 65 (2d Cir. 1997) ("[T]he defendant in a § 1983 action [must] have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (internal quotation marks omitted).  Nor has Jenkins pled any basis for this Court to exercise diversity jurisdiction in this matter.  Moreover, despite permission from the district court

2

to file an amended complaint clarifying that court's basis for exercising subject-matter jurisdiction, Jenkins failed to file a complaint or otherwise respond to the court's instructions.

We conclude that this Court lacks subject-matter jurisdiction over this case, and it is thus **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____